**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4880**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

ERIC BENJAMIN BOLTON,

    Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  John T. Copenhaver, Jr., Senior District Judge.  (2:08-cr-00229-1)

Submitted:  June 16, 2020         Decided:  June 22, 2020

Before KEENAN, DIAZ, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David Schles, Charleston, West Virginia, for Appellant.  Michael B. Stuart, United States Attorney, Joshua C. Hanks, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Benjamin Bolton appeals from his 24-month sentence imposed upon revocation of his supervised release. On appeal, Bolton asserts that his sentence is plainly unreasonable. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* (internal quotation marks omitted). In this case, Bolton faced a statutory maximum of 36 months in prison. Bolton's 24-month revocation sentence therefore was within the statutory maximum.

Next, we "must determine whether the sentence is procedurally or substantively unreasonable," evaluating the same general considerations employed in review of original sentences. *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017). Only if we find a sentence unreasonable must we determine "whether it [i]s plainly so." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010).

Bolton first asserts that his sentence was procedurally unreasonable because the district court failed to enunciate sufficient factual grounds to support the upward variance.[1] The district court must provide an explanation for its chosen sentence, although this explanation "need not be as detailed or specific" as is required for an original sentence. *Id.* at 547. We find that it is plain from the record that the court found that the policy statement

---

[1] Bolton's Sentencing Guidelines policy statement range was 8 to 14 months.

range was insufficient given Bolton's repeated, wholesale failure to comply with many of the requirements of his release. The court clearly said as much when noting Bolton's "utter failure to comply with the terms of [] supervised release."

While Bolton contends that the court's reasoning was not sufficiently detailed, the record does not support his contentions. The district court specifically examined Bolton's history and characteristics, noting the details of Bolton's numerous violations of supervised release. In addition, the court explained that Bolton had previously had his supervised release revoked and, despite a three-year prison term, he quickly absconded from supervision. Finally, the court recognized that Bolton committed a criminal offense after absconding and did not even attempt to comply with the conditions of his release. The court's multi-faceted reasons for the upward variance sentence, while not lengthy, still provided a proper and individualized explanation for the variance sentence.[2]

Bolton next contends that his sentence was substantively unreasonable. "[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Slappy*, 872

---

[2] While the court did not expressly address Bolton's argument that community confinement would be more beneficial to Bolton than another jail sentence, the court's conclusion that Bolton had repeatedly violated his supervised release and showed no ability to follow the rules of supervised release rendered Bolton's argument frivolous. Essentially, Bolton argued that community confinement would provide structure, rules and close monitoring. However, Bolton gave the district court no reason to believe that he would comply, or even remain under monitoring. Given Bolton's utter failure to comply with the structure and rules of his supervised release, the argument that community confinement was a better option than jail was clearly frivolous. *See Slappy*, 872 F.3d at 207-08 (requiring the district court to address any "nonfrivolous arguments" raised by the parties for imposing a different sentence).

F.3d at 207 (alteration and internal quotation marks omitted). Here, the court explained that Bolton's history reflected a total failure to comply with the conditions of supervised release. The court also noted that Bolton committed a criminal offense while on supervised release, absconded, and violated supervised release quickly, repeatedly and in different ways.

We find that these were proper reasons for imposing a sentence above the policy statement range and that Bolton has failed to show that his sentence was longer than necessary. *See United States v. Moulden*, 478 F.3d 652, 658 (4th Cir. 2007) (upholding sentence above Chapter 7 range and stating that the Court "cannot, and will not, hold that it is unreasonable for a sentencing court to take account not only of the severity of the violations, but also their number, in fashioning a revocation sentence"); *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006) (stating that revocation sentence is meant to "'sanction the violator for failing to abide by the conditions of the court-ordered supervision'"). Accordingly, Bolton's sentence was not substantively unreasonable.

As such, we affirm Bolton's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*